FILED
2017 May-30 PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AAL USA, INC., | ] |
| Plaintiff, | ] |
| v. | ] CASE NO. 2:16-cv-02090-KOB |
| BLACK HALL, LLC, *et al.*, | ] |
| Defendants. | ] |

## MEMORANDUM OPINION AND ORDER

Before the court are cross-motions to strike allegations and exhibits in the parties' briefing on the Defendants' motion to abstain. (Docs. 43, 68). For the reasons discussed below, the court **DENIES** both motions and will consider all of the arguments and evidence presented in deciding the motion to abstain.

### I. LEGAL STANDARD

On its own or on motion from a party, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, a court may strike an affidavit if it contains inadmissible testimony not reducible to an admissible form. *See Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999).

Whether to grant a motion to strike is an evidentiary ruling within the court's discretion. *See United States v. Stout*, 667 F.2d 1347, 1353 (11th Cir. 1982) ("A trial court's ruling as to the materiality, relevancy or competency of testimony or exhibits will ordinarily not warrant reversal unless constituting an abuse of discretion." (internal citations omitted)).

### II. DISCUSSION

    A.    AAL USA's Motion to Strike Defendants' Exhibits

AAL USA has moved to strike the eight exhibits attached to the Defendants' motion to abstain. The Defendants' attached the court filings from the Madison County case and an affidavit from Keith Woolford to their motion.

AAL USA argues the court should strike the state court filings because they are unverified pleadings and AAL USA is using them to establish certain facts as true. The court disagrees. In considering the motion to abstain, the court would not be using the state court filings to establish whether a fact is true. Instead, the court would look to those exhibits to establish the nature of the state court litigation. Because defining the scope of the state court action is a critical component of any abstention analysis, these exhibits are relevant and should not be struck.

Further, AAL USA need not worry the exhibits will be used for an improper purpose. *See Talley v. Triton Health Sys*., LLC, No. 2:14-CV-02325-RDP, 2016 WL 4615627, at *7 (N.D. Ala. Sept. 6, 2016) ("The court is able to determine when testimony and statements contained in the parties' evidentiary submissions are conclusory or irrelevant and due to be disregarded, without striking such evidence."). The court is capable of ensuring the filings from state court are not considered as evidence of the truth of the matters alleged, but merely as evidence of what is being litigated in that action.

AAL USA argues the court should strike the affidavit of Mr. Woolford because it contains "a number of proven falsehoods." (Doc. 43 at 9). AAL USA has provided a number of affidavits they contend contradict many of Mr. Woolford's statements. But, at this stage of the litigation, the existence of conflicting evidence is not a basis to strike an exhibit. Nor is the court to make credibility determinations when addressing these motions.

AAL USA also argues Mr. Woolford's affidavit should be struck because it contains hearsay and statements not based on his personal knowledge. The Defendants respond that Mr. Woolford's affidavit is merely offers evidence that Birmingham is an inconvenient forum.

AAL USA challenges two assertions related to this point. Mr. Woolford stated that "to my knowledge," every Black Hall employee working in Alabama lives in or around Madison County and that none of the Defendants have employees, records or operations in Jefferson County. (Doc. 9-8 at 11–12).The phrase "to my knowledge," unlike "to the best of my knowledge," is sufficient to satisfy the requirements that affidavits be made on personal knowledge. *See Gayne v. Dual-Air, Inc.*, 600 S.W.2d 373, 375 (Tex. Civ. App. 1980) ("The words 'within my knowledge' . . . imply that the affiant has sufficient knowledge of the facts to verify his statement as to the truth and justness of the account. On the other hand, the words 'to the best of my knowledge' do not necessarily connote a knowledge of the facts by the affiant sufficient to support the verity of such a statement."). Because "to my knowledge" is more akin to "within my knowledge" than "to the best of my knowledge," the court finds that the relevant statements of Mr. Woolford's affidavit were made with personal knowledge. Therefore, the court **DENIES** AAL USA's motion to strike.

### B. Defendants' Motion to Strike AAL USA's Allegations and Exhibits

The Defendants argue AAL USA has raised new allegations about unauthorized transactions in its brief in opposition to the motion to abstain. Raising such arguments outside the complaint, the Defendants argue, deprives them of "a meaningful opportunity to respond." (Doc. 68 at 6).

The court does not see how the Defendants have been deprived a response. After all, the Defendants filed a reply brief to AAL USA's response. Black letter law says one cannot amend your complaint in response to summary judgment, effectively switching theories of the case. But

this case is not at summary judgment. The court is considering a motion to abstain—a motion where the court must compare the scope of this action to a case pending in state court. The Defendants' seem to suggest that AAL USA must amend here its complaint to incorporate all of the evidence it discovered since it filed the first amended complaint if AAL USA wishes to reference that evidence in opposing a motion to abstain. This strikes the court as overly formalistic.

Further, the "new" allegations are not radically different from the first amended complaint. The additional facts boil down to AAL USA asserting it believes the Defendants' conversion began earlier than it first suspected and alleged in its complaint. The Defendants cannot credibly argue they suffer any sort of prejudice by AAL USA raising these allegations in its brief. Therefore, the court **DENIES** the Defendants' motion to strike.

### III. CONCLUSION

For the reasons discussed, the court **DENIES** both the Defendants' and AAL USA's motions to strike. (Docs. 43, 68).

**DONE** and **ORDERED** this 30th day of May, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE