FILED
2017 Aug-04  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **AAL USA, INC.,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| | ] |
| **v.** | ]  **CASE NO. 2:16-cv-02090-KOB** |
| | ] |
| **BLACK HALL, LLC, *et al.*,** | ] |
| | ] |
| **Defendants.** | ] |

**AAL'S MOTION TO COMPEL
DEFENDANTS TO RESPOND TO DISCOVERY**

Plaintiff AAL USA, Inc. ("AAL" or "Plaintiff") moves the Court to issue an order compelling Defendants Paul Daigle ("Daigle"), Keith Wolford ("Woolford"), Hindsight Coffee, LLC ("Hindsight"), Corvis Arrow, LLC ("Corvis Arrow"), Cold Harbor Certifications, Inc. ("Cold Harbor"), Black Hall, LLC ("Black Hall"), David Clarke ("Clarke"), and Brian Peoples ("Peoples") (collectively, "Defendants") to respond fully to AAL's discovery requests set forth below (without objections), and ordering Defendants to pay AAL's fees and expenses incurred preparing this motion. Defendants have utterly failed to respond to discovery – *for months*. In further support of its motion, AAL states the following:

30094144 v1

# I.
## __INTRODUCTION__

Delay, delay, delay. Defendants have done everything in their power to avoid responding to discovery. This case was filed over eight months ago, and AAL served discovery requests with the Complaint. Defendants have not answered a single interrogatory or produced a single document.

At every turn, Defendants have tried to avoid serving a substantive response. They have repeatedly promised to try to "get their arms around" the discovery requests or to "take a look" at things, but they have been all talk and no action. They have ignored written discovery. They have refused to cooperate in scheduling depositions. It is time for that to come to an end. As of today, Defendants have not responded to the following:

- First Interrogatories and Requests for Production to Paul Daigle, Keith Woolford, and Black Hall Aerospace, Inc., served with the Complaint filed November 16, 2016 (Ex. 1)[1]
- Plaintiff's Second Interrogatories and Request for Production to Paul Daigle, served with the Complaint filed November 16, 2016 (Ex. 2)
- Plaintiff's Second Interrogatories and Request for Production to Defendant Keith Woolford, served with the Complaint filed November 16, 2016 (Ex. 3)
- Plaintiff's First Interrogatories and Request for Production to Black Hall, LLC, served December 23, 2016 (Ex. 4)

---

[1] AAL served a first set and second set of discovery requests with the Complaint. The first set was a limited request of interrogatories and document requests served for the purposes of preparation for a preliminary injunction hearing. The second sets of requests were for discovery for the case as a whole. Defendants have not responded to either.

30094144 v1

- Plaintiff's First Interrogatories and Request for Production to Defendant Cold Harbor Certifications, Inc., served December 23, 2016 (Ex. 5)
- Plaintiff's First Interrogatories and Request for Production to Defendant Hindsight Coffee, LLC, served December 23, 2016 (Ex. 6)
- Plaintiff's First Interrogatories and Request for Production to Defendant Corvis Arrow, LLC, served December 23, 2016 (Ex. 7)
- Plaintiff's Third Request for Production of Documents to Paul Daigle, served December 28, 2016 (Ex. 8)
- AAL USA's Consolidated Discovery Requests to Paul Daigle, Keith Woolford, David Clarke, Brian Peoples, Hindsight Coffee, LLC, Corvis Arrow, LLC, Cold Harbor Certifications, Inc., and Black Hall, LLC, served June 30, 2017 (Ex. 9)[2]

AAL is in a fight for its very life because of Defendants' misappropriation of its assets. AAL filed this action after it discovered that that the Defendants had defrauded AAL in a stunningly brazen series of heists. Defendants took more than a million dollars for a private jet transferred to Corvis Arrow (a company owned by Daigle and Woolford), used AAL's money for personal expenses and luxuries at Joseph A. Bank, Men's Wearhouse, Victoria's Secret, Guitar Center, Target, Kroger, Petsmart, Amazon, etc., paid for personal and family travel to places like Couples Sans Souci resort, New Hampshire (Woolford's home state), Ireland, Iceland, and South Africa, used hundreds of thousands of dollars of AAL's money to purchase personal homes for Woolford, paid for the legal and other business

---

[2] Defendants did respond to the Requests for Admission contained in the First Consolidated Discovery. These are the only responses of any kind they have served, and the responses are deficient. AAL asked Defendants to supplement their RFA responses but has received no response. *See* July 31, 2017 email from Ben Coulter (Ex. 10).

30094144 v1

expenses of Corvis Arrow, Cold Harbor, Hindsight (all owned or controlled by Daigle and Woolford), paid for gambling and/or other expenses at horse tracks, and awarded themselves hundreds of thousands of dollars in unauthorized bonuses.

AAL is entitled to do discovery to get to the bottom of Defendants' schemes. Defendants, knowing what discovery will reveal, have refused to participate in discovery. This has dragged out over months. Accordingly, the Court should: (1) order Defendants to respond to all of the above-listed discovery within 10 days, without objections, and (2) award AAL its fees and expenses preparing this motion.

## II.
## BACKGROUND

AAL has been more than patient with the Defendants and has repeatedly attempted to get the Defendants to respond to the written discovery requests served on them. Defendants have refused to cooperate.

1.    AAL brought this action on November 16, 2016, in state court. On November 16, December 23, and December 28, 2016, AAL served interrogatories and requests for production on the Defendants. *See* Exs. 1-8. Defendants avoided responding to discovery at the last minute by removing the case on the eve of a preliminary injunction hearing.

4

2.     On January 4, 2017, Defendants moved the Court to abstain or stay this case or in the alternative to dismiss Counts IV, VIII-X, and XIV of the then operative Complaint. *See* Doc. 7.

3.     After removal, Defendants continued to delay discovery by refusing to cooperate with AAL on filing the Report of Parties' Planning Meeting (the "Report"). AAL waited weeks in efforts to try to obtain all the parties' agreement on the Report. In fact, it was nearly a month after the first Rule 26 meeting that the report was finally filed. The continued belaboring of the Report gave Defendants a de facto stay of discovery in spite of requirements under the Federal Rules of Civil Procedure to finalize such reports, so AAL filed the Report on February 17, 2017.

4.     AAL then noticed subpoenas to various third parties. Immediately after AAL noticed subpoenas, Defendants filed a motion to stay discovery pending a ruling on their motion to abstain. *See* Doc 58. In their motion, Defendants requested that the Court stay all discovery in this case because "[n]either the parties nor the Court have any need to engage in discovery or other pre-trial matters before the Court rules on the Motion to Abstain." *See* Doc. 58 ¶ 1.

5.     The Court denied Defendants' motion. *See* Doc. 64. Despite the Order, Defendants still refused to provide discovery responses until the Court ruled on their Motion to Abstain. *See* March 17, 2017 Richardson email (Ex. 11). Richardson later reiterated this position in an email to AAL's counsel: "we have

5

objected to the commencement of discovery in the case now pending before Judge Bowdre prior to her ruling on the motion to abstain … [j]ust so there is no confusion, we continue to assert that objection as to all discovery requests served prior to the case being removed from the Jefferson County Circuit Court." *Id.*

6.    AAL's counsel responded that "[t]he court denied your motion to stay discovery, consequently, the responses are past due ... there's no option other than for us to move to compel." *See* March 20, 2017 Hayslip email (Ex. 12).

7.    On March 21, Defendants moved to stay the case. *See* Doc. 79.

8.    On March 24, the Court entered an order staying the case while it considered the pending motion to abstain and motion to stay.

9.    On May 30, the Court entered an order denying Defendants' motion to abstain (granting in part the motion to dismiss with leave to amend) and denying the Defendants' motion to stay. *See* Doc. 87.

10.    AAL immediately began attempting to move the case forward, and at a meeting before the June 12 status conference held by the Court, Defendants' counsel acknowledged that their discovery responses were overdue and stated that they would be providing written responses. The parties agreed that, to address ESI issues, AAL would propose search terms and Defendants would propose a list of custodians, both on June 21. AAL was then to respond to the proposed list of

6

custodians and Defendants were to respond to the proposed search terms, both on June 26.

11.    On June 21, AAL sent its proposed search terms. *See* June 21 email (Ex. 13). Defendants did not propose any custodians.

12.    On June 27, AAL followed up, requesting a response to its proposed search terms and a list of proposed custodians. Defendants responded that they were busy drafting an answer. *See* June 27 emails (Ex. 14).

13.    On June 30, Defendants finally responded, suggesting limitations to the search terms. *See* June 30 email (Ex. 15). Defendants still did not propose custodians. *Id.*

14.    On July 3, Defendants stated in an email that they were working to serve discovery responses by July 21. *See* July 3 email (Ex. 16).

15.    On July 4, AAL proposed a list of custodians and agreed to limits on search terms, offering to have a follow-up call the next morning. *See* July 4 email (Ex. 17).

16.    When there was no response, AAL followed up again on July 8, asking to discuss narrowed search terms and the proposed custodians. *See* July 8 email (Ex. 18).

17.    The parties had a conference call on July 10, and Defendants agreed to again assess the search terms and custodians and to have a follow up call on July

7

12. But Defendants then cancelled that call, promising again to look at search terms and custodians and propose alternatives. *See* July 12 email (Ex. 19). But they did not.

18.    On July 19, AAL followed up again, asking for a response and offering to have a call. *See* July 19 email (Ex. 20).

19.    Defendants responded the next day, saying they would not be available for a call until the following Monday. AAL followed up yet again. *See* July 20 emails (Ex. 21).

20.    July 21, the date Defendants had previously stated they were working towards serving responses, came and went. Defendants had still not responded.

21.    On July 27, AAL followed up again, seeking to discuss search terms, offering to have a call, and requesting written responses to discovery. *See* July 27 email (Ex. 22). Defendants ignored this request to discuss search terms and to serve written responses to discovery.

22.    On July 28, AAL again emailed and requested a call to discuss written responses, search terms, and custodians. *See* July 28 emails (Ex. 23). There was no response.

23.    On July 31, AAL again followed up, pleading for a response concerning search terms and custodians, asking for written discovery responses, and addressing various other discovery issues. *See* July 31 email (Ex. 24).

8

Defendants emailed deficient RFA responses that evening, but again ignored the outstanding interrogatories and document requests. AAL requested that Defendants supplement their RFA responses and serve RFP and Interrogatory responses. *See* Second July 31 email (Ex. 10). Defendants did not respond.

24.    On August 3, Defendants emailed and raised new issues with the proposed search terms and custodians. AAL responded within the hour, proposing limitations to address concerns with the search terms, raising the issue of the outstanding discovery responses, and addressing other discovery issues, asking for a simple response by the close of business. *See* August 3 emails (Ex. 25). Defendants have not responded.

25.    As of August 4, 2017, more than eight months after the first discovery requests were served on Defendants by AAL, Defendants have not served a single written response to an interrogatory or request for documents or produced a single document.

### III.
### <u>ARGUMENT</u>

**A.**    <u>**Defendants should be ordered to respond to the outstanding written discovery, and they have waived any objections.**</u>

    **1.**    **November 16, 2016, December 23, 2016, and December 28, 2016 discovery requests**

Defendants have utterly failed to respond to AAL's written discovery requests served November 16, 2016, December 23, 2016, and December 28, 2016.

9

*See* Exs. 1-8. There is no excuse for this – it is August 2017, and Defendants have

had eight months to compose their responses.

As courts across the country have recognized, Defendants have waived any

objections. One court explained:

> "There is **substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure**." *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 156 (S.D.Tex.2009); *see also Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11–cv–69–Orl–19GJK, 2011 WL 6936485 *3 (M.D.Fla. Dec.7, 2011) (stating that a party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel); *Bank of Mongolia v. M & P Global Financial Services, Inc.*, 258 F.R.D. 514, 518 (S.D.Fla.2009) (stating that a defendant who failed to timely object to plaintiff's document requests and failed to respond to inquiries concerning the whereabouts of defendant's responses waived its objections); *Brenford Environmental Systtems, L.P. v. Pipeliners of Puerto Rico, Inc.*, 269 F.R.D. 143 (D.P.R.2010) (stating that a responding party that fails to make a timely objection may be found to have waived any objections); *Applied Systems, Inc. v. Northern Insurance Co. of New York*, No. 97 C 1565, 1997 WL 639235 *2 (N.D.Ill. Oct.7, 1997) (stating that a party's failure to raise a timely objection to discovery requests may constitute a waiver of the objection, including the waiver of objections based upon privilege). In addition, the Court may sanction a person who impedes, delays, or frustrates the fair examination of a deponent. Fed.R.Civ.P. 30(d)(1). **Defendants have not responded to Plaintiff's discovery requests. Accordingly, they have waived any objections they may have to the Interrogatories and Request to Produce.**

*Limu Co., LLC v. Burling*, No. 6:12-CV-347-ORL-TBS, 2013 WL 1482760, at *1 (M.D. Fla. Apr. 11, 2013) (granting motion to compel, finding objections waived, and awarding attorneys' fees) (emphasis added).[3]

Another court put it succinctly, "It is well settled that when a party fails to respond to discovery requests within the time allotted by the Federal Rules of Civil Procedure, all objections which could have been lodged are waived." *Broadbandone, Inc. v. Host.net, Inc.*, No. 12-80604-CIV, 2013 WL 12096358, at *2 (S.D. Fla. May 30, 2013) (granting motion to compel and for sanctions); *see also In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("We readily agree with the district court that as a general rule, when a party fails to object timely to

---

[3] *See also Mia Williams v. Coventry Health Care of Florida, Inc.*, No. 616CV731ORL41TBS, 2017 WL 2901191, at *2 (M.D. Fla. May 3, 2017) (affirming order granting motion to compel); *Lane v. Guar. Bank*, No. 6:13-CV-259-ORL-36, 2013 WL 4028185, at *2 (M.D. Fla. Aug. 7, 2013) (granting motion to compel, finding objections waived, and awarding sanctions); *Berman v. Kafka*, No. 3:10-CV-718-J-32MCR, 2011 WL 4356156, at *2 (M.D. Fla. Sept. 19, 2011) (same); *Collor v. Watkins Motor Lines, Inc.*, No. CIVA 06-00198 BHB, 2007 WL 274254, at *1 (S.D. Ala. Jan. 29, 2007) ("Plaintiff failed to timely respond to Defendants' discovery requests, and also failed to offer any reasonable explanation for his tardy responses, or for his failure to timely preserve any objections to the discovery responses. Accordingly, Defendants' Motion to Compel and Motion to Strike are GRANTED."); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005) ("[I]n the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection.... This is true even when the party objects to disclosure because it claims that the information sought is privileged.").

30094144 v1

interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

Because the Defendants have not filed any written responses to the November 16, December 23, and December 28 discovery requests, the Court should deem all objections waived and order Defendants to provide full and complete responses.

### 2.    June 30, 2017 Interrogatories and Rule 34 Requests

As with the November and December 2016 discovery requests, Defendants have not served any written responses of any kind to AAL's June 30 interrogatories, requests for production of documents, and requests to inspect. *See* Ex. 9. They have therefore waived any objections, and the Court should order Defendants to respond to the outstanding requests fully and without interposing objections. *See*, *e.g.*, *Limu*, *Broadbandone*, and *In re U.S.*, *supra*.

### 3.    June 30, 2017 Requests for Admission

The only discovery requests Defendants have responded to are the June 30 Requests for Admission. *See* Ex. 9. But Defendants have improperly objected to RFAs Nos. 1 and 6, which ask the Defendants to admit that BHA has not received a Facility Clearance and has received a Base Access Denial Letter. *Id.* Defendants object on the grounds that they are not BHA, but that does not mean that the Defendants, who include BHA's CEO, former CFO, COO, and executive officer,

12

all of which are BHA shareholders, can refuse to answer the requests. Under Rule 36, a party may serve a request for admission asking the other party to admit "the truth of *any matters* within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either…" FED. R. CIV. P. 36(a) (emphasis added).

Defendants also object to RFA No. 6 on the grounds that the term "base access denial letter" is somehow ambiguous, but this objection is nonsensical given that Defendants use the term (and variations of it) repeatedly in their Answer and Counterclaims. *See*, *e.g.*, Doc. 103, pp. 13.

Accordingly, the Court should order Defendants to properly respond to RFAs Nos. 1 and 6.

**B.** **The Court should sanction Defendants by ordering them to pay AAL's attorneys' fees and costs in preparing this motion.**

As set forth in detail in § II, Defendants have drug their feet for months and have completely failed to cooperate in discovery. AAL has bent over backwards to accommodate the Defendants, but the Defendants have refused to participate in good faith. It has been delay, delay, delay.

Rule 37(c) and (d) provide for an award of reasonable expenses, including attorneys' fees, when a party's conduct necessitates the filing of a motion to compel. *See* FED. R. CIV. P. 37(a)(5)(A). As this Court has recognized, it has the power to order a party to pay attorneys' fees both under Rule 37 and the Court's

30094144 v1

inherent authority to impose sanctions. *See O'Shea v. Leader, Bulso, & Nolan, PLC*, No. 2:14-CV-1953-KOB, 2016 WL 4070145, at *3 (N.D. Ala. July 29, 2016) (denying motion to reconsider an award of fees).

Given the Defendants' months-long refusal to participate in good faith in discovery, the Court should order Defendants to pay AAL's reasonable expenses, including attorneys' fees, incurred in drafting this motion.[4]

## IV.
## REQUESTED RELIEF

**WHEREFORE**, AAL respectfully requests that the Court enter an order (1) compelling Defendants Daigle, Woolford, Hindsight, Corvis Arrow, Cold Harbor, Black Hall, Clarke, and Peoples to respond fully to AAL's discovery requests set forth in Ex. 1-9 (without objections) within 10 days, and (2) ordering Defendants to pay AAL's fees and expenses incurred preparing this motion.[5]

---

[4] Given the Defendants' refusal to participate in discovery to date, AAL anticipates that Defendants will continue to refuse to participate. If that occurs, even more severe sanctions, such as striking Defendants' claims and defenses would be appropriate. *See, e.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (affirming the District Court's striking of the appellant's answer and issuing a default judgment against him).

[5] If the Court grants AAL's motion, AAL requests leave to submit evidence proving its fees and expenses.

14

Date: August 4, 2017

Respectfully submitted,

*s/ Benjamin Coulter*
Victor Hayslip
Michael K. K. Choy
Kip A. Nesmith
Benjamin Coulter
Fob H. James, IV

*Attorneys for the Plaintiff*
AAL USA, INC.

**OF COUNSEL**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
mchoy@burr.com
vhayslip@burr.com
knesmith@burr.com
bcoulter@burr.com
fjames@burr.com

## **CERTIFICATION**

I certify that movant has in good faith conferred or attempted to confer with Defendants in an effort to obtain the answers and responses sought herein without court action.

*s/ Benjamin Coulter*
OF COUNSEL

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing or U.S. Mail on August 4, 2017:

James H. Richardson
RICHARDSON MAPLES, P.C.
301 East Holmes Avenue, Suite 100
Huntsville, AL 35801

Roderic G. Steakley
Benjamin R. Little
SIROTE & PERMUTT, P.C.
305 Church Street, Suite 800
Huntsville, AL 35801

J. Rushton McClees
Joshua L. Hornady
SIROTE & PERMUTT, P.C.
2311 Highland Ave. South
P. O. Box 55727
Birmingham, AL 35255-5727

G. Bartley Loftin, III
Amanda James Turnage
BRADLEY ARANT
BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801

*s/ Benjamin Coulter*
OF COUNSEL

30094144 v1