IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AAL USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-02090-KOB |
| | ) | |
| BLACK HALL AEROSPACE, INC., | ) | This Document Relates Only to Case |
| et al., | ) | 2:16-cv-02090-KOB |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendants David Clarke and Brian Peoples' joint motion to dismiss the claims brought against them in Plaintiff AAL USA's second amended complaint. (Doc. 165). Mr. Clarke and Mr. Peoples contend that the amended complaint does not specify any wrongful actions *by them*, and therefore does not state a claim against them. (Doc. 166 at 1–2).

The court finds that, as to Mr. Clarke and Mr. Peoples, the second amended complaint is a shotgun pleading. As a result, the court GRANTS the motion to dismiss and DISMISSES WITHOUT PREJUDICE the claims against Mr. Clarke and Mr. Peoples. AAL USA may file an amended complaint on or before March 2, 2018.

### I. BACKGROUND

At this stage, the court must accept as true the allegations in the second amended complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Accepting as true the allegations in the second amended complaint, the eight defendants in this case—which include four people and

four companies—have engaged in a protracted conspiracy to engage in self-dealing, loot AAL USA's funds, and usurp AAL USA's contracts. (Doc. 96 at 3, 6).

The four people named as defendants are Paul Daigle, Keith Woolford, Mr. Clarke, and Mr. Peoples; all four used to be executives working for AAL USA. (Doc. 96 at 2, 5). Mr. Clarke used to be AAL USA's executive director, and Mr. Peoples used to be its chief operating officer. (*Id.* at 2). Mr. Clarke and Mr. Peoples are now "purported shareholder[s]" of a company called Black Hall Aerospace; whether they also work for Black Hall Aerospace is unclear. (*Id.* at 2).

Although AAL USA's second amended complaint describes in great detail the actions taken by Mr. Daigle and Mr. Woolford, it does not describe much conduct by Mr. Clarke or Mr. Peoples. The complaint does repeatedly refer to "Defendants" and "co-conspirators" without specific reference to Mr. Clarke or Mr. Peoples, but the court cannot tell whether those references to "Defendants" and "co-conspirators" include Mr. Clarke and Mr. Peoples. Much of the time, the references to "Defendants" appear to relate to allegations specifically about Mr. Daigle and Mr. Woolford instead of Mr. Clarke and Mr. Peoples. As a result, the court will describe only the factual allegations that *specifically* pertain to Mr. Clarke and Mr. Peoples.

The second amended complaint does not describe *any* action that Mr. Peoples took, aside from purportedly being a shareholder of Black Hall Aerospace. It gives slightly more information about Mr. Clarke: in 2014, Mr. Clarke used his company credit card to make unauthorized purchases, including purchases at a veterinary hospital, at a guitar store, and on a trip with his daughter to Key West. (Doc. 96 at 7–8; Doc. 96-7 at 8; Doc. 96-8 at 5; Doc. 96-9 at 5; Doc. 96 at 7; Doc. 96-15 at 5). And in 2015, Mr. Woolford and Mr. Daigle used AAL USA's money to purchase a house, where Mr. Clarke now lives. (Doc. 96 at 8–9).

The second amended complaint lists sixteen causes of action.[1]  AAL USA specifically names Mr. Clarke and Mr. Peoples in eight of those counts, and lists "Defendants" or "co-conspirators" in six of them.  The eight counts that name Mr. Clarke and Mr. Peoples are: (1) conversion; (2) accounting; (3) specific performance; (4) constructive trust; (5) breach of fiduciary duties; (6) tortious interference; (7) unjust enrichment; and (8) faithless servant doctrine.  (Doc. 96 at 28, 33–38).   The six counts that apparently name all Defendants are: (1) fraudulent suppression; (2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (3) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1832; (4) violation of Alabama's Trade Secrets Act, Ala. Code § 8-27-1 *et seq.*; (5) conspiracy; (6) injunctive relief. (*Id.* at 26–33, 37–38, 39).

## II. DISCUSSION

Mr. Clarke and Mr. Peoples move to dismiss the claims for failure to state a claim.  (Doc. 166).  They argue that the second amended complaint, as a shotgun pleading, violates Federal Rule of Civil Procedure 8.  (*Id.* at 3–4, 16–17).

Rule 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The pleading must "give[ ] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).

The Eleventh Circuit has repeatedly condemned so-called "shotgun pleadings."  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015); *Magluta v. Samples*, 256 F.3d 1281, 1284 (11th Cir. 2001).  The Court has described several different

---

[1] The court has already dismissed Counts 17 and 18 pursuant to a Joint Stipulation of Dismissal.  (Doc. 222).

types of shotgun pleadings, one of which is "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. "[S]hotgun pleadings wreak havoc on the judicial system. Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation marks and citation omitted). When a plaintiff files a shotgun pleading, the court must require the plaintiff to replead the claims "in a complaint that respects the requirements of Rule 8." *Id.* at 1285.

The court finds that, with respect to Mr. Clarke and Mr. Peoples, AAL USA's second amended complaint is a shotgun pleading; it "is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [numerous] defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Magluta*, 256 F.3d at 1284. Although the second amended complaint describes in detail an alleged scheme by at least some of AAL USA's former officers to take over the company, the complaint does not give Mr. Clarke, Mr. Peoples, or this court sufficient information to determine what *they* allegedly did. If, as AAL USA argues, Mr. Clarke and Mr. Peoples engaged in some of the activities that the second amended complaint ascribes to "Defendants" and "co-conspirators," AAL USA may be able to state a claim against them. But the court cannot make that determination based on the second amended complaint as it is currently written.

4

For that reason, the court GRANTS the motion to dismiss and DISMISSES WITHOUT PREJUDICE the claims against Mr. Clarke and Mr. Peoples. The court GRANTS AAL USA leave to amend the complaint on or before March 2, 2018.

**DONE** and **ORDERED** this 15th day of February, 2018.

**KARON OWEN BOWDRE**  
CHIEF UNITED STATES DISTRICT JUDGE