IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AAL USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-02090-KOB |
| | ) | |
| BLACK HALL AEROSPACE, INC., | ) | This Document Relates to Only to |
| et al., | ) | Case No. 2:16-cv-02090-KOB |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on Defendant Keith Woolford's motion to dismiss Counts Four and Twelve of Plaintiff AAL USA, Inc.'s third amended complaint. (Doc. 327). Count Four asserts a claim of breach of contract, and Count Twelve asserts a claim of civil conspiracy.

The court WILL GRANT IN PART AND DENY IN PART Mr. Woolford's motion to dismiss Counts Four and Twelve. The court WILL DISMISS WITH PREJUDICE Count Four to the extent it seeks to raise a claim of breach of Mr. Woolford's non-compete agreement with AAL USA, because only Mr. Woolford signed that agreement, making it unenforceable under Alabama law. But the court WILL NOT DISMISS the rest of Count Four because that count states a claim for breach of an agreement to transfer shares of a company, and WILL NOT DISMISS Count Twelve because that count states a claim of civil conspiracy.

### I. BACKGROUND

In its third amended complaint, AAL USA brings fourteen claims against Mr. Woolford. (*See* Doc. 286). But Mr. Woolford seeks to dismiss only two of those claims: Count Four and Count Twelve. As a result, the court will describe only the facts relevant to those two counts, accepting them as true, as the court must at this stage of the proceedings. *See Butler v. Sheriff of*

*Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). In addition, the court will consider evidence that AAL USA attached to its third amended complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

AAL *USA* is a company that the similarly named—but separately owned—AAL *Group*, Ltd. formed in 2010 to help AAL Group perform its contracts with the United States Government. AAL USA's officers included Oleg Sirbu, its owner and director; Paul Daigle, its Chief Executive Officer ("CEO"); Mr. Woolford, its Chief Financial Officer ("CFO") and corporate secretary; Brian Peoples, its Chief Operating Officer ("COO"); and David Clarke, a shareholder and AAL USA's pilot. (Doc. 286 at 2–3, 5, 12, 19).

AAL USA states in its third amended complaint that Mr. Woolford entered into a non-compete agreement with AAL USA. (Doc. 286 at 26). It attaches a copy of that agreement to the third amended complaint, so this court will consider that evidence in ruling on Mr. Woolford's motion to dismiss. The non-compete agreement lacks clarity for several reasons. First, on the first page, it refers to AAL USA as the "Company" that the agreement purports to protect. But the last page of the agreement leaves spaces for signatures from Mr. Woolford and AAL *Group*'s general manager, Oleg Fidelskiy, with no space for a signature from AAL USA's representative. Second, although Mr. Woolford signed the agreement, AAL Group's representative never did. (Doc. 286-76 at 2, 4).

AAL USA alleges that Mr. Daigle, Mr. Woolford, Mr. Clarke, and Mr. Peoples "have engaged in far-reaching fraud, breaches of fiduciary duty, usurpation of corporate opportunity,

2

and self-dealing, all at the expense of AAL [USA] and its owner Sirbu." Specifically, AAL USA's officers misused AAL USA's American Express card and checking account for their personal expenses; used AAL USA's money to finance Mr. Woolford's purchase of two separate homes; used AAL USA's funds to create various other companies and pay those companies' expenses; purchased a jet; and awarded themselves unauthorized bonuses. (Doc. 286 at 6–17, 21–22).

In the midst of those activities, on June 19, 2015, AAL USA incorporated a company called Black Hall Aerospace to serve as an aircraft repair facility for AAL USA. Mr. Daigle, Mr. Woolford, Mr. Clarke, and Mr. Peoples were shareholders of Black Hall Aerospace, but AAL USA paid the costs involved in forming Black Hall Aerospace, with the understanding that Mr. Daigle and Mr. Woolford would transfer all of Black Hall Aerospace's shares to AAL USA at some point. According to AAL USA, it continued to employ Mr. Daigle and Mr. Woolford because it believed they would soon transfer Black Hall Aerospace's shares to AAL USA. (Doc. 286 at 2–3, 17–19).

Several months later, in November 2015, Mr. Woolford and his fellow officers enacted something AAL USA calls the "Takeover Scheme," designed to take all of AAL USA's contracts and "squeeze[ ]" AAL USA's owner, Mr. Sirbu, out of the business. Among other steps, AAL USA says they tricked Mr. Sirbu into entering an Asset Purchase Agreement in which AAL USA sold all of its assets to Black Hall Aerospace. They promised that they would transfer Black Hall Aerospace's shares back to AAL USA, but they reneged on that promise. (Doc. 286 at 18, 22, 24–25).

## II. DISCUSSION

Mr. Woolford moves to dismiss only Count Four, the claim of breach of contract, and Count Twelve, the claim of civil conspiracy. (Doc. 327 at 3). The court will address each in turn.

### 1. Count Four: Breach of Contract Claim

Under Alabama law, "[t]he elements of a breach-of-contract claim . . . are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002). Mr. Woolford seeks dismissal of Count Four on the basis that AAL USA has not alleged the existence of a contract that he could have breached. (Doc. 327 at 4).

The third amended complaint states that AAL USA had "valid contracts" with Mr. Woolford, but it does not specify which contracts. (*See* Doc. 286 at 32–33). In its response to Mr. Woolford's motion to dismiss, AAL USA states that the contracts are (1) Mr. Woolford's agreement to transfer his shares of Black Hall Aerospace to AAL USA in return for continued employment with AAL USA; and (2) Mr. Woolford's non-compete agreement, which AAL USA attached to its third amended complaint. (Doc. 356 at 5–6).

#### *i. Agreement to Transfer Shares*

Mr. Woolford contends that the court should dismiss the share-transfer breach of contract claim based on Alabama's Statute of Frauds. (Doc. 327 at 4). He argues that, under Alabama law, an agreement to transfer shares of a company must be in writing, and AAL USA has not alleged any facts indicating the existence of a written agreement.

Alabama's Statute of Frauds provides:

> In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and

> subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
>
> (8) . . . every agreement for the sale or purchase of securities other than through the facilities of a national stock exchange or of the over-the-counter securities market.

Ala. Code § 8-9-2(8). The Alabama Supreme Court has explained that, under § 8-9-2(8), "an agreement by a shareholder of a closely held corporation to sell all or a part of his shares continues to be subject to the statute of frauds." *Bruce v. Cole*, 854 So. 2d 47, 57 (Ala. 2003). Thus, the Statute of Frauds would bar an oral agreement to transfer Mr. Woolford's shares in Black Hall Aerospace.

But the statute of frauds provides an affirmative defense. *See* Fed. R. Civ. P. 12(c)(1). And a defendant may raise an affirmative defense in a motion to dismiss "only if the defense is apparent on the face of the complaint." *Hudson Drydocks Inc. v. Wyatt Yachts Inc.*, 760 F.2d 1144, 1146 n.3 (11th Cir. 1985).

AAL USA argues that dismissal is not appropriate because the complaint does not specifically identify whether the agreement was oral or in writing. (Doc. 356 at 5–6). The third amended complaint states simply:

> Daigle promised and represented to AAL that after [a certain event], [Black Hall Aerospace]'s shares would be transferred to AAL. In exchange for Daigle's and Woolford's agreement to transfer [Black Hall Aerospace]'s shares . . . to AAL, which was part of Daigle's job as AAL CEO and Woolford's job as CFO, AAL compensated Daigle and Woolford generously and continued to employ them.

(Doc. 286 at 18). As AAL USA argues, the complaint does not clarify whether the agreement was oral or written, and so "the face of the complaint" does not show that the statute of frauds defense bars AAL USA's breach of contract claim. *See Hudson*, 760 F.2d at 1146 n.3.

Mr. Woolford requests that, if the court will not dismiss the claim, the court order AAL USA to replead it, pursuant to Federal Rule of Civil Procedure 12(e), to clarify

5

whether the contract is oral or written. (Doc. 262 at 3 n.1). Rule 12(e) permits a party to move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). But "a party may not use a Rule 12(e) motion to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery." *Harris v. Fisher-Price Inc.*, 2013 WL 9861461, at *1 (N.D. Ala. Oct. 24, 2013).

The court will not order AAL USA to replead its breach of contract claim. Although AAL USA *could* have included more specifics in its third amended complaint, its failure to do so does not mean that it failed to state a claim of breach of contract. *See Lloyd v. Kindred Nursing Centers Ltd. P'ship*, 2011 WL 13249924, at *5 (N.D. Ga. Mar. 11, 2011) ("Plaintiff alleged a breach of contract in her complaint. That the complaint did not specify that the contract was written, oral, or implied does not matter."). AAL USA's factual allegation that Mr. Woolford agreed to transfer shares of Black Hall Aerospace to AAL USA sufficiently allows Mr. Woolford to respond to the claim. *See* Fed. R. Civ. P. 12(e).

Mr. Woolford also argues that, even if the Statute of Frauds defense does not bar the breach of contract claim, he cannot be liable on that claim because the third amended complaint indicates that the parties to the contract were AAL USA and Black Hall Aerospace. (Doc. 362 at 3). Contrary to his argument, the third amended complaint states that *Mr. Woolford* made an "agreement to transfer [Black Hall Aerospace]'s shares." (Doc. 286 at 18). At this stage, the court cannot find that Mr. Woolford was not a party to the alleged contract to transfer shares. The court WILL NOT DISMISS Count Four to the extent it asserts a claim of breach of a contract to transfer shares of Black Hall Aerospace.

### ii. Non-Compete Agreement

AAL USA also contends that it stated a claim that Mr. Woolford breached his non-compete agreement. (Doc. 356 at 6–7). Alabama law permits an employer and employee to enter a non-compete agreement under certain circumstances. *See* Ala. Code §§ 8-1-190(b)(4), 8-1-191. But to be valid, a non-compete agreement must "be reduced to writing, *signed by all parties*, and be supported by adequate consideration." *Id.* § 8-1-192 (emphasis added). Putting aside the other confusing aspects of Mr. Woolford's non-compete agreement, only he signed it. (*See* Doc. 286-76). As a result, it is not a valid contract under Alabama law, and his actions taken in violation of the agreement cannot amount to breach of a contract. The court WILL DISMISS Count Four to the extent it attempts to assert a claim of breach of Mr. Woolford's non-compete agreement.

### 2. Count Twelve: Conspiracy Claim

Mr. Woolford contends that the court should dismiss Count Twelve for failure to state a claim because the amended complaint does not specify the underlying wrongful acts that make up the conspiracy, and he "could not have 'assisted, encouraged, or planned' with respect to every 'wrongful act' in the Complaint." (Doc. 327 at 5–6). Count Twelve states:

> Daigle, Woolford, Clarke, Peoples, and the corporate Defendants conspired among themselves and others to commit the wrongful acts pleaded in this Complaint. For example, Defendants conspired to allow Woolford to purchase a personal home using funds from AAL [USA]'s corporate accounts, conspired to use AAL [USA]'s funds to purchase a jet for Daigle and Woolford's company, and to commit many other fraudulent acts.

(Doc. 286 at 41).

Under Alabama law, the elements of a civil conspiracy claim are "(1) concerted action by two or more persons (2) to achieve an unlawful purpose or a lawful purpose by unlawful means." *Ex parte Maint. Grp., Inc.*, __ So. 3d __, 2017 WL 5623326, at *8 (Ala. Nov. 22, 2017). The

court concludes that Count Twelve states a claim for civil conspiracy because it alleges that two or more persons acted to achieve an unlawful purpose or a lawful purpose by unlawful means. *See Ex parte Maint. Grp., Inc.*, 2017 WL 5623326, at *8. The third amended complaint alleges a number of underlying wrongful acts, including fraud and conversion, and Mr. Woolford does not argue that those counts fail to state a claim. As a result, the court finds that Count Twelve states a claim, and the court WILL NOT dismiss it.

### III. CONCLUSION

The court WILL GRANT IN PART AND DENY IN PART Mr. Woolford's motion to dismiss Counts Four and Twelve. The court WILL DISMISS WITH PREJUDICE Count Four to the extent it seeks to raise a claim of breach of Mr. Woolford's non-compete agreement, but it WILL NOT DISMISS the rest of Count Four or Count Twelve.

**DONE** and **ORDERED** this 19th day of June, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE